Withers, J.
delivered the opinion of the Court.
We shall consider the question in this case to be, whether the Commissioners of Public Buildings are, by law, bound to furnish the Sheriff with the books which are required to be kept in his office; and taking into view the circumstances, now made known, we shall consider the enquiry as free from any embarrassment arising from the order made in this case by Judge O’Neal), and not appealed from at the time; for it seems to have been granted upon what was probably a misapprehension as to a knowledge of and acquiescence in the proceeding, on the part of the defendants.
If the Commissioners are legally bound to furnish the books, the obligation can arise only from an order to that ef- *151 feet, by a Judge of the Common Pleas and General Sessions; and for such order the Act of 1837, concerning district officers and their offices, is the only warrant. The ultimate end of that Act was to enforce a more faithful performance of duty by the district officers therein named, and to remedy the mischief of former defalcations by completing imperfect record books, and preserving them as well as unrecorded records. To these ends the powers previously vested in the Commissioners of Public Buildings, and the duties imposed upon them, were extended. The reports of the Circixit Solicitors, which grew out of one clause of the Act of 1837, produced the Resolutions of 1838, constituting the Attorney General andcSolicitors a commission, and charging them with a duty, the results of which are seen in the several Acts of 1839. These last look to the future, and, with the Act of 1837, which looked to the object of a remedy for past defects, so far, at least, as the Commissioners of Public Buildings were cou cerned, constitute a complete system, which, if faithfully enforced, may answer its ends.
In some of the Acts of 1839 specific provision is made that the, said Commissioners shall provide the books for certain offices — but there is none such in relation to the Sheriff. Even if we were constrained to conclude that the omission was undesigned, it would not therefore follow that we should be justified in importing, by construction, a substantial provision into the Act, from any idea of our own in favor of even handed justice to the several district officers. It may, however, well be that the omission in the Sheriff’s Act was quite deliberate. Comparatively, the books in his office are few in number — costing much less than those of the Clerk’s office,' or the Ordinary’s or the Commissioner’s. Each Sheriff, generally, exhausts his set of books, whereas the same set in other offices are used by succeeding incumbents, and it may not have been deemed quite fair to make the first generation of officers pay for the books used by successors. The Sheriff may take away the execution book, leaving in its stead a fair copy. His fees, usually, may have been deemed so much more in the aggregate as to make it reasonable that he should pay for the books of his office and term out of his own funds. The circumstance adverted to in argument, that the Coroner, when ex officio Sheriff, was expressly required to furnish his own book, would seem to arise mainly from the purpose that he should not interfere with the Sheriff’s, but keep the memorials of his transactions distinct. There is no warrant for the idea that the Commissioners are to provide the Sheriff’s books jn the legislation of 1839. It has already been intimated that *152 the scope of the Act of 1837 did not embrace such a purpose. To satisfy us of this, it may be rema iked, that if such a duty was intended to be imposed by tiie last mentioned Act, the same was equally incumbent as regards the other officers mentioned in that Act; and yet it is not understood that such an order as the one in question was ever made, in behalf of any of the district officers, prior to the Acts of 1839. It is not believed that such orders were ever grounded, before the time mentioned, on the Act of 1837, the 6th section whereof (among other things) authorizes and requires the Commissioners of Public Buildings “to cause to be made out and completed such records and books in the several offices named in the first section of this Act., in their respective districts, as may be directed and ordered by the said Court, <fcc. whose duly it shall be, from time to time, to give such directions and make such orders as may be necessary for the completion of the records and books,” &c.
We are aware that there has been a diversity in the practice of the Bench on this subject, and a want of uniformity in the views of those concerned in this question, in different portions of the State. The question should be- settled, and the result of our investigation is, that the Commissioners of Public Buildings are not bound to provide the books for the Sheriff which he is required to keep by the Act of 1839.
The decision of Judge Frost below, to that effect, is affirmed — -and the motion here is refused.
Evans, J. Wardlaw, J. and Frost, J. concurred.

Motion dismissed.